

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-18-2007

# Gao v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1385

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Gao v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1262.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1262

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-1385

———————

ZHIE GAO,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                    Respondent

———————

PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS
Agency No. A79-305-636
Immigration Judge: Hon. Eugene Pugliese

———————

Argued:  March 30, 2007

———————

Before: RENDELL, BARRY and CHAGARES, <u>Circuit Judges</u>

(Opinion Filed:  April 18, 2007)

———————

Joshua E. Bardavid, Esq. (Argued)
22nd Floor
401 Broadway
New York, NY   10013

<u>Counsel for Petitioner</u>

Paul Mansfield, Esq. (Argued)
Richard M. Evans, Esq.
Suite 1250
Office of the United States Attorney
615 Chestnut Street
Philadelphia, PA 19106

Counsel for Respondent

---

OPINION

---

BARRY, Circuit Judge

The procedural history and facts of this case are well known to the parties, and need not be reprised. Suffice it to say that on April 23, 2004, an immigration judge ("IJ") denied the application of petitioner, Zhie Gao, for political asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Based on discrepancies between Gao's testimony and his written application, the IJ made an adverse credibility determination and concluded that his lack of credibility "affects all his applications." App. vol. 1 at 10.

Gao timely appealed to the BIA. On December 28, 2005, the BIA affirmed the IJ's adverse credibility determination "except insofar as the Immigration Judge made a finding that it was 'non-sensical' that the respondent would come to the United States when his wife was pregnant in China." (App. vol. 2 at 2.) The BIA further found that Gao had failed to establish his eligibility for relief under the CAT because he had not

2

demonstrated that he suffered past torture or that he could not relocate to another area of China to avoid torture in the future. This petition for review followed.

We have jurisdiction pursuant to 8 U.S.C. § 1252 and review adverse credibility determinations of the IJ or the BIA for substantial evidence. *Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004). Because the BIA affirmed the IJ's findings of material inconsistencies in the record without making an independent credibility determination of its own, we review the IJ's decision as the final agency decision. *Xie v. Ashcroft*, 359 F.3d 239, 242 (3d Cir. 2004). To overcome an adverse credibility determination, "the evidence of credibility must be so strong in [the applicant's] favor that in a civil trial he would be entitled to judgment on the credibility issue as a matter of law." *Chen*, 376 F.3d at 222.

The BIA made an independent finding that Gao failed to establish his entitlement to relief under the CAT. We review that finding of the BIA for substantial evidence. *Wang v. Ashcroft*, 368 F.3d 347, 349-50 (3d Cir. 2004).

There is substantial evidence in the record to support the IJ's adverse credibility determination based on discrepancies between Gao's January 23, 2001 affidavit and his February 11, 2002 and April 23, 2004 testimony. He initially attested that he and his wife decided to go into hiding after receiving an official "notice to report for an IUD and pregnancy check-up" (App. vol. 2 at 279), but later attributed his decision to a July 2000 confrontation with "several" cadres who came to his home to "take [his] wife away" (*id.* at 117-18). Indeed, his affidavit omits any mention of this pivotal July 2000

3

confrontation, stating only that officials came to his house "several times" between the April 4, 2000 birth of his daughter and his wife's second pregnancy in May or June 2000. (*Id.* at 278.) Gao also provided inconsistent accounts of the circumstances under which officials learned of his wife's second pregnancy, and, the IJ found, materially changed his testimony at least once at his attorney's prompting. *See Dia v. Ashcroft*, 353 F.3d 228, 252 n.23 (3d Cir. 2003) (en banc) (stating that an IJ's personal observations of an applicant's demeanor are entitled to a high degree of deference). We find that these inconsistencies were material to Gao's claim of persecution inasmuch as they undermined his stated reasons for fleeing China and seeking asylum in the United States. For this reason, and because Gao concedes that he would face no immediate risk of sterilization upon his return to China, we find substantial evidence to support the denial of all relief. We will, therefore, deny the petition for review.